STEWART, Appellant, v. FULTON, Respondent.

1. Where a contractor builds a house on a lot for the owner thereof, the latter is not debarred of an action against the former to recover damages for a noncompliance with the contract on the ground that he had accepted such house from the contractor, whether cognizant or not of such noncompliance at the time of the acceptance.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*W. M. Cook & Wickham,* for appellant.

I. The plaintiff had a choice of remedies. He could have refused to take the house unless constructed according to the

terms of the contract. In that case defendant could have recovered nothing from the plaintiff for work and materials. He could accept the house and refuse to pay the full contract price. The defendant could then have had an action on a *quantum meruit.* The plaintiff might accept the house, pay the full contract price, and sue the defendant on his contract for his breach thereof. It matters not in the last form of remedy whether the plaintiff knew of the defects at the time of taking the house or not. If he waived his right to damages, such waiver must be proved. It can not be presumed. In this case the presumption of a waiver is attempted to be raised on the acts of the plaintiff in accepting the house and paying the contract price. The court erred in instructing the jury. (See Basten v. Butter, 7 East, 479; 2 N. R. 136; 9 B. & C. 259; 2 B. & Ad. 456; 2 Smith, L. Cas. 15; 23 Mo. 228; 14 Mo. 378·; 4 Mo. 41, 514; 15 M. & W. 598; 18 Mo. 229; 1 Wend. 360; 8 Cow. 195; 1 T. R. 285; 9 M. & W. 54; 4 Man. & Gr. 12; 1 Moody & R. 293; 2 Swan, 295.)

*Barrett & Kribben,* for respondent.

Scott, Judge, delivered the opinion of the court.

This was an action to recover damages from the defendant Fulton for failing to build a house for the plaintiff, Stewart, according to the terms of a contract, by which the plaintiff alleges he was injured. The house was a dwelling built on a lot of the plaintiff's in St. Louis, and after it was completed it was occupied by him. Judgment was rendered for defendant.

At the instance of the defendant, amongst others, the court gave the following instruction: "If the jury believe from the evidence that the plaintiff either by himself, or his wife, thereto authorized, accepted the building in question, and received the same, then the plaintiff is debarred from claiming any damages for any noncompliance by defendant with the original agreement, unless the fact appear that the defect in the work with noncompliance with the contract by the defendant could not be or was not ascertained at the time of the acceptance of the building."

We do not see the ground on which this instruction can be sustained. By the old law, prevailing less than a century ago, whenever work was done under a special contract, but not in conformity to it, the party, for whom the work was done, was, after paying the stipulated price, compelled to resort to a cross-action to indemnify himself in the deficiency of the consideration. Under the present practice, he may refuse to receive the article; he may receive it and bring a cross-action for the breach of warranty. He may, without bringing a cross-action, use the breach of warranty in the reduction of the damages in an action brought by a vendor for the price. This is said in reference to things portable. But when a house is built on a lot in a city, which, if unimproved, is a source of great expense, how can we speak, with any propriety of language, of the owner's accepting a house built upon it? The lot is in his possession already; the buildings put upon the lot beome a part of it. As, in the case of articles sold, if a question arise, during an action for their price, whether or not they corresponded with the description in the contract, the fact that the vendee received and kept them without making any objection may be urged to the jury as a circumstance raising a presumption that the articles sold corresponded with the description in the contract; so in the case of a building contract, it may be used, but evidently with much less force than in the case of a sale of goods. The fact that the house has been used is a matter to be weighed by the jury with all the other circumstances in the case, which may strengthen the force of it or dispel it altogether. These views are sustained by the case of Grimm v. Gamache, 25 Mo. 38. (Smith's Lead. Cas. 10.)

The two last instructions given for the defendant were calculated to mislead the jury, and were not warranted by the evidence, which showed that Mrs. Stewart did not interfere with nor give any directions in relation to the matter out of which this controversy has arisen.

Reversed and remanded. The other judges concur.