## JAMES FLANNERY *vs.* GEORGE ROHRMAYER AND WIFE.

It seems that the fact that a person for whom a building had been erected paid the contractor without objection, although the work was known by him to be defective, does not preclude him from recovering damages for the defect.

The fact that the defect was slight and that the owner knew of it but was satisfied with the work and paid for it without objection, would warrant an inference that he intended to waive the defect.

Where a building is erected at the request of a husband on land of his wife, the builder's lien attaches only to the husband's life estate in the land.

The fact that the wife knew of the building being erected and made no objection, is not enough of itself to make her interest in the land liable to the lien.

BILL to foreclose a builder's lien; brought to the City Court of the city of Hartford, and heard before *Bennett, J.* Facts found and decree passed. Motion in error by respondents. The case is sufficiently stated in the opinion.

*H. O'Flaherty* and *J. R. Wittig,* for the plaintiffs in error.

*E. Goodman* and *F. H. Parker,* for the defendant in error.

CARPENTER, J. This is a bill to foreclose a mechanic's lien. The services were performed by the petitioner, under contracts with Rohrmayer, in the erection of the foundation and walls of a building on the land of the wife.

The respondents claimed that the work was defectively and improperly done, whereby they sustained damage. On the trial it appeared that a portion of the work was completed and paid for in full without objection, and without any claim that it was not properly done. The court found that the balance of the work was defective to some extent, and assessed the damage at fifteen dollars, which was deducted from the petitioner's demand. Nothing was deducted on account of work previously done and paid for. The court decreed a foreclosure against both respondents, and they allege two errors.

1. That the damage caused by the defective work paid for should have been allowed.

In respect to this the court found that such damage was "small in amount, and the defects of such a character that they must have been apparent at the time of settlement for the work." It further appeared that the work was to be paid for, forty per cent. when the foundation and walls were half done, and the balance when the foundation and walls were laid and completed to the satisfaction of Rohrmayer. It also appears that while the work was progressing he visited it every day, and sometimes two or three times, and without complaint until payment was demanded for subsequent work. It seems however that the court refused to allow damages, for

the reason that the respondent settled with the petitioner and paid him for the work without alleging any defects therein or claiming any damage therefor.

We are not prepared to sustain the decision on the narrow ground on which the court seems to have placed it. We hardly think that the law is so that payment without objection will of itself preclude a party from recovering damages. The right to recover must depend upon all the circumstances. By a reference to the facts it appears that the damage was slight; that the respondent knew of the defect, but was nevertheless satisfied with the work, and paid for it without objection. These circumstances would justify the court in concluding that he intended to waive the slight defects. On that ground we think the decision ought to be sustained, especially as it does not appear that the damage was sufficient to take the case out of the rule "*de minimis non curat lex*." At least there is no substantial material error in this part of the case apparent of record.

2. The other error assigned is, that the court ought not to have passed a decree against the wife, Mary Rohrmayer.

Aside from the statute, which will presently be noticed, it is difficult to conceive on what ground the decree against her can be maintained.

She was not a party to the contract out of which the debt originated. It was the debt of her husband alone, and she was under no obligation to pay it. The fact that she knew of the work and made no objection to it does not make it her debt, and does not charge her land with its payment. Her husband having a life estate in the land might well contract for an improvement which would make it more valuable to him, and her knowledge and silence without an active participation in the contract, and with no resulting benefit to her or her estate, are insufficient to impose upon her any liability.

But it is claimed that the statute justifies this decree. That provides that a lien attaches where services are performed " by virtue of an agreement with or by consent of the owner of the land upon which such building is erected." It is true the language of the statute seems to be broad enough to

include the estate of the wife under the circumstances of this case, if mere knowledge and silence constitute a consent. We think they do not. It has never been the policy of our law to subject the wife's real estate to the payment of the husband's debts; and the tendency of modern legislation is to extend rather than contract this immunity. If the statute is to be interpreted as including the real estate of the wife in cases where she is not a party to the contract, and where it does not appear to be for her benefit or for the benefit of her estate, then it works a radical change in the law relating to the property of married women, and subjects it to the pay- ment of the debts of the husband, thereby and to that extent repealing prior laws on that subject. We cannot believe that such was the intention of the legislature, and must therefore hold that such a construction is inadmissible.

But it is unnecessary to discuss the subject further, for this precise question has been determined by this court in the recent case of *Gilman* v. *Disbrow*, 45 Conn., 563. That case is directly in point, and requires us to reverse this decree.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.