# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS.

### THIRD DISTRICT—MAY TERM, 1881.

#### SAMUEL D. GEARY ET AL.

#### v.

#### JOHN HENNESSY.

1.  MECHANIC'S LIEN.—A contract made with the husband, for the erection of buildings upon land belonging to his wife, will not subject the land of the latter to a lien unless the husband was acting as the agent of his wife, or she has done some act by which she is estopped from asserting her rights.

2.  ESTOPPEL.—The mere fact that such a contract was made in the presence and hearing of the wife, and the improvements were made under her daily inspection, will not make her liable upon a contract made with another who was not her agent.

ERROR to the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed June 21, 1881.

Messrs. CRAIG & CRAIG, for plaintiffs in error; that no lien was created, cited Rev. Stat. Chap. 82, 311; Wendt v. Martin, 89 Ill. 140; Anderson v. Armstead, 69 Ill. 452; Fannery v. Rohrmayer, 46 Conn. 558; Gilmore v. Disbrow, 45 Conn. 564; Laner v. Bandon, 43 Wis. 556.

Mr. CHARLES BENNETT and Mr. T. L. McGRATH, for defendant in error; contending that the wife, having knowledge of the contract and the improvements made, is estopped by her own

acts, cited Schwartz v. Saunders, 46 Ill. 18; Higgins v. Ferguson, 14 Ill. 269; Donaldson v. Holmes, 23 Ill. 85; Anderson v. Armstead, 69 Ill. 452.

HIGBEE, P. J.    A petition was filed in the court below by Hennessy against the Gearys, to enforce a mechanic's lien against the land of Mary Geary, wife of Samuel D. Geary, for work and labor in altering and repairing a house.

On the hearing, a decree was rendered in favor of defendant in error according to the prayer of the bill, and plaintiffs in error bring the record to this court for review.

The work was done under a written contract executed by Samuel D. Geary and defendant in error.

This contract does not purport to be executed for or on behalf of Mrs. Geary, nor is any reference made to her or her land in it.

By the agreement defendant in error is to do the work and Samuel D. Geary is to pay him the price agreed upon for his labor and materials.

The bill avers that "the contract was made in the presence of Mary Geary, with her knowledge and acquiescence, she being the owner in fee-simple of the real estate upon which said improvements were to be made," and the decree finds these facts as alleged.

The land was the property of the wife, and there is no pretense, either in the bill or proof, that the husband claimed to have any interest in it, or that defendant in error supposed or thought he had. Nor did the husband claim to act as the agent of his wife, or attempt in any manner to bind her by the contract.

Not a word seems to have been spoken by the wife, but her land is sought to be subjected to the lien solely because the contract was made in her presence, without objection by her. This fact alone is not sufficient to charge her land. Fannery v. Rohrmayer, 46 Conn. 558; Gilmore v. Disbrow, 45 Conn. 564.

The mere fact that the improvements were made under her daily inspection, with her knowledge and consent, will not make her land liable where the work is done under a written con-

tract with a third person.    Laner et al. v. Bandon, 43 Wis. 556.

The husband as well as a stranger may in good faith make improvements on his wife's land in the nature of a gift to her, and she will not in such cases be bound for the payment of what they cost.    Anderson v. Armstead, 69 Ill. 450.    Or he may make them in discharge of an indebtedness to her.

The statute requires the contract to be with the owner of the land.    Here the owner made no contract, and she cannot be held liable for the contract of another not her agent, unless she has done some act by which she has estopped herself from relying upon her rights, and such estoppel must be averred in the bill and supported by the proof.    Wilson et al. v. Schick, 5 Bradwell, 572.

No false or fraudulent representations were made by the wife or by the husband in her presence.

Defendant in error does not claim that the debt was contracted in the belief that the husband was the owner of the land, nor does he pretend that he was in any manner misled or deceived.

On the contrary, he must have known that the land did not belong to the husband, and yet he entered into a written contract with him to do the work without requiring his wife to join in the same, and the only reasonable presumption is that he intended to give credit to the husband alone and to look to him for his pay.

Under such circumstances we think the wife's land is not liable for her husband's debt.

Decree reversed and cause remanded.

Reversed.