JOEL O. BUTTON v. HENRY C. RUSSELL ET AL.

*Particulars of claim on appeal—Contract—Presumptions—Acceptance and payment conclusive.*

Plaintiff in an action on the common counts is confined, on appeal from justice's court, to the particulars of his claim as stated in the justice's return.

2. Whether the parties to a contract knew all the circumstances and must therefore be presumed to have contracted with reference to existing defects, is a question for the jury, if disputed.

3, In a suit for payment under a written contract to manufacture logs "in a workmanlike manner," it is error, in the absence of evidence on the subject, to charge that the contract was sufficiently complied with if plaintiff had made as good lumber as he could with the mill and appliances he had.

4. Acceptance and payment from time to time under a contract, with the intention of having the payments cancel the indebtedness up to the times of making them, is conclusive, and the recipient cannot afterwards raise the question of damages from insufficient performance.

Error to Kent.  (Montgomery, J.)   Oct. 24.—Jan. 7.

Assumpsit.   Defendants bring error.   Reversed.

*Taggart & Wolcott* for appellants.   Payment from time to time with intent to cancel a debt to the time of payment, is not necessarily acceptance, which itself is largely a question of intent: *Higman v. Stewart* 38 Mich. 513;  Benj. Sales § 144;  3 Pars. Cont. 43 ;  *Hibernia Ins. Co. v. O'Connor* 29 Mich. 241;  unless acceptance is with knowledge of defects the defense is open that the goods are defective:  *Henkel v. Walsh* 41 Mich. 665 ;  *Grosvenor v. Ellis* 44 Mich. 455 ;  *Wildey v. School District* 25 Mich. 427;  *Chapman v. Dease* 34 Mich. 376 ;  *Smith v. Brady* 17 N.Y. 189 ;  and the payments made do not waive the defense :  *Moulton v. McOwen* 103 Mass. 587;  Sedg. Damages 256 ;  *Bee Printing Co. v. Hichborn* 4 Allen 64.

*L. E. Carroll* and *Norris & Uhl* for appellee.

Cooley, C. J.  This suit originated in justice's court, where the plaintiff declared orally, and as the justice returns, "stated the particulars of his claim under the common counts for the sawing of 66,339 feet of lumber at $2.50 per M.;  for board of one man four weeks $13.56, and one M. feet cull lumber, $3."  The defendants pleaded the general issue, and claimed damages of the plaintiff for failure to saw the lumber in accordance with the contract.

After trial and judgment in the justice's court the case was appealed, and the plaintiff was permitted to prove an item for eight weeks' board, amounting to $25.25.  This

was objected to by the defendants, and was erroneous. The plaintiff should have been restricted in the circuit court to the particulars of his claim as they stood of record.

The principal controversy arose upon the contract for sawing and its performance. The contract was in writing, and bore date December 2, 1882. By its terms plaintiff was to saw "all the pine logs put on his skidways at his mill on section 22, Nelson township, Kent Co., Michigan," by certain named parties for defendants, "and to saw and manufacture said logs in a workmanlike manner into lumber, and into such widths and thicknesses as said logs are best suited for," by a time named, and for the agreed price of two dollars fifty cents per thousand feet. The plaintiff claimed performance of the contract, and gave evidence that the lumber was sawed in a workmanlike manner. He also showed that the mill was a portable mill, not capable of doing the best work, but that defendant Russell & Rudes, who was agent for defendants, knew all about the mill when the contract was made and while the work was being done, and saw the lumber that was sawed, and took away from time to time what was cut and paid for the cutting without objection. It was then claimed that the terms of the contract must be understood as contemplating the cutting of the lumber by this particular mill, and that if it was cut as well as such a mill was capable of cutting it, it was sufficient. Also that in so far as the defendants had removed the lumber and paid for the cutting, they were precluded from making objections.

The defendant Russell testified that when the contract was made he had very little knowledge of the plaintiff's mill: he only knew it was a new mill, but he had no knowledge of the machinery. Also that he complained of some of the sawing because the boards were too thin, and plaintiff promised to remedy the defect. Also that the lumber was taken away by defendants without much examination, and that Rudes was not the general agent of defendants.

In submitting the case to the jury the judge said to them that "both parties knowing all the circumstances of the sawmill, the contract was made with reference to the cutting of

the logs at that particular mill. It is however to be presumed that it is a good ordinary mill of its kind, and it was the duty of the plaintiff to make merchantable lumber; to saw the lumber in workmanlike manner, as well as could be with the materials at his disposal in said mill. The kind of a mill or kind of logs is not material so long, as the court has before stated, it was presumed by both parties—the defendants had a right to presume—that it was a saw-mill which could do reasonably good work; and as was said before, it was the duty of the plaintiff to make use of all the appliances which he had at hand, bearing in mind that it was a reasonably good mill of the kind. It was his duty to make as good lumber as he could with the mill and its appliances, using all reasonable care himself and his men that he had in his employ to run the mill in the proper manner, and make as good lumber as he could with due and ordinary care."

This instruction was erroneous in its assumption that both parties "knew all the circumstances of the saw-mill," and must therefore be understood to have contracted with reference to any existing deficiencies. Whether the defendants had knowledge of any deficiencies was disputed; and it was for the jury to determine the fact.

It was also erroneous in giving the jury to understand that the contract was sufficiently complied with if the plaintiff made as good lumber as he could with the mill and its appliances. This error follows from the other, and assumes the fact to be proved.

The mill at which the lumber was to be sawed was a portable mill; and if that kind of a mill is incapable of doing the best work, the best could not have been expected by the defendants. But this is as far as the court could properly have gone in instructing the jury to make allowances for the character of the work done. There was no admission by defendants that they knew the mill to be defective or incapable of manufacturing lumber in a workmanlike manner. The judge says the defendants had a right to presume the mill could do "reasonably good work;" but in connection with other remarks this must mean such reasonably good

work as the particular mill with the circumstances of which the defendants were acquainted, could do; and it might or might not be work done in the workmanlike manner the defendants had a right to insist upon.

The instruction given in respect to the effect of payments was in substance correct. The jury were told that if defendants accepted lumber and paid for it from time to time with the intention of having the several payments cancel the indebtedness up to the times of making them, the defendants would be bound by the acceptance, and estopped from raising the question of damages afterwards. The acceptance would not in strictness be an estoppel under such circumstances, but the jury ought to regard it as conclusive, and probably would do so.

For the errors mentioned there must be a new trial.

The other Justices concurred.