ARCHIBALD CAMPBELL

V.

FANNIE JACOBSON ET AL.

*Mechanics' Liens—Act Relating to, Sec. 4—Contract with Husband as to Wife's Property.*

1. The requirement of Sec. 4 of the Mechanics' Lien Act is not met by stating the amount due, in a lump sum, without the mention of any items of either debit or credit, showing how the account is made up or when the lien began.

2. The fact that a wife, long after improvements upon her property are begun, is informed that such work is going on, is not sufficient to hold her property subject under the lien law, to the payment of ob-

ligations entered into without her acquiescence, more especially when her title is of record, and no fraudulent practice upon her part is shown.

3.    Where in such case a contractor enters into a contract with the husband of the owner of the property, if he does not mean to trust the husband alone he must obtain the signature of the wife to the contract, or at least ascertain that the work is being done with her acquiescence.

[Opinion filed October 31, 1892.]

IN ERROR to the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. MILLER & STARR, for plaintiff in error.

Messrs. BLUM & BLUM, for defendants in error.

MR. JUSTICE WATERMAN. This was a proceeding under the Mechanics' Lien Law. Appellant claims to have made a written contract with Morris Jacobson for the improvement of certain premises belonging to Fannie Jacobson, the wife of Morris; this contract it is claimed was made with the knowledge of and for the benefit of Fannie Jacobson, upon whose property the improvements were made; and it is insisted that Morris Jacobson, in all that he did, acted as the agent of his wife.

Section 4 of the act concerning mechanics' liens is as follows:

"Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the Circuit Court of the county in which the building, erection or other improvement to be charged with the lien is situated, a just and true statement or account or demand due him, after allowing all credits, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit."

The only statement introduced in evidence as having been filed with the clerk of the Circuit Court describes M. Jacobson as the owner of the premises, and alleges that the work for which a lien is claimed was done at his request

Campbell v. Jacobson.

and that he is indebted therefor. Fannie Jacobson is not mentioned at all. There is no attempt to comply with the provisions of the statute requiring the " times when such material was furnished or labor performed " to be set forth; the statement being, in substance, that there is due appellant, as the contractor for carpenter work and material on the flat building known as No. 3142 Shields avenue, the sum of $1,422.90, " of which he holds the certificate of John J. Kouhn, the architect of said building, for the sum of $2,568.80; $1,280.90, or one half, to apply on 3142 Shields avenue, and one-half to apply on another contract;" " that the date of said certificate is October 7, 1890."

It is impossible to tell from this, the times when the material was furnished or the labor performed, and consequently no one can tell at what period it is claimed the lien accrued. The requirement of the statute is not met by stating the amount due, in a lump sum, without the mention of any items of either debit or credit, showing how the account is made up, or when the lien began. McDonald v. Rosengarten, 35 Ill. App. 71; Same, Ill. Supreme Court, 25 N. E. Rep. 429.

The evidence appears to us insufficient to establish a lien as against Mrs. Jacobson. There is no evidence that she in any way authorized her husband to improve these premises or to make the contract he did with appellant; the bare fact that a wife, long after improvements upon her property are begun, is informed that such work is going on, is not sufficient to hold her property subject, under the Mechanic's Lien Law, to the payment of obligations entered into without her acquiescence, more especially when her title is of record, and no fraudulent practice upon her part is shown. Geary v. Henneny, 9 Ill. App. 17; Flannery v. Rohrmayer, 46 Conn. 558; Gilman v. Disbrow, 45 Conn. 564.

Appellant, at a time when an examination of the records would have shown that Morris Jacobson did not own this property, made with him alone a written contract for its improvement.

The least diligence upon appellant's part would have enabled him to know that Morris Jacobson could not, without the acquiescence of his wife, bind this property. If he did not mean to trust Morris Jacobson and him alone, he should have insisted upon obtaining the signature of Mrs. Jacobson to his contract, or at least have known that the work was being done with her acquiescence. The conclusion upon the merits arrived at renders it unnecessary to pass upon the motion of the defendant to strike the plea in bar, filed by appellee, from the files. The decree of the Superior Court is affirmed.

*Decree affirmed.*

Judge SHEPARD took no part in the consideration or disposition of this case.