WILSON M. HATTIN *vs.* FLORA M. CHASE.

Kennebec.    Opinion December 14, 1895.

*Contract.    Performance.    Waiver.    Damages.*

The plaintiff claimed a balance due for constructing a drain across the defendant's farm under a general contract to " dig a drain two feet wide, two feet deep and fill it full of rocks, at one dollar per rod." *Held*; that if the contract had been as claimed by the plaintiff, the law would imply an undertaking on his part to perform the work in a reasonably workmanlike manner, having regard to the general nature and situation of the drain and the purpose for which it was manifestly designed; and it is an equally well-settled rule that under such circumstances the defendant, in the same action, is entitled to have deducted from the contract price, by way of recoupment, all damages arising from a disregard of the obligations imposed by law in the performance of the contract; as well as those occasioned by a violation on the part of the plaintiff of the express terms of the contract.

Whether there was a waiver by the defendant of all objections to the drain arising from the plaintiff's unskillful and defective performance of the work is a question of fact for the jury, to be determined with reference to the intention of the defendant, the subject matter of the contract, and all the facts and circumstances disclosed by the evidence. It was not claimed that the defendant's continued possession of the farm during the winter was any evidence of such waiver; *held*, that an instruction to the jury that the partial payment of fifty dollars on account of the work, made even with full knowledge of the defects in the drain, must be deemed as a matter of law to be a waiver of all objections to it, and a final acceptance of the work, is erroneous.

A partial payment under such circumstances would be competent evidence to be considered by the jury in connection with all the other facts; but it would by no means be conclusive, and under some circumstances would obviously have very slight tendency to establish such a proposition. A dissatisfied party often makes only a partial payment for the specific purpose of protecting his rights under a contract by thus reserving an opportunity to assert a claim for damages for imperfect performance.

ON EXCEPTIONS.

The plaintiff recovered a verdict in the Superior Court, for Kennebec county, for a balance due him under a verbal contract to construct a drain. The defendant alleged exceptions which appear in the opinion.

*H. M. Heath* and *C. L. Andrews*, for plaintiff.

*L. T. Carleton*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-
HOUSE, WISWELL, JJ.

WHITEHOUSE, J.   This is an action of assumpsit to recover
a balance alleged to be due from the defendant for the construc-
tion of a drain on her farm.

It was not in controversy that the plaintiff dug a drain ninety-
one rods long across the defendant's land and filled it with
stones, under an oral contract by which he was to receive a
compensation of one dollar per rod, and that in March following
the completion of the work in December he received from the
defendant the sum of fifty dollars in part payment therefor.
At the trial the defendant claimed that by the express terms of
the contract the plaintiff engaged to construct a "good nice
drain, two feet wide and two feet deep and lay an under-drain
and fill it with suitable rocks, and build it in a workmanlike
manner;" but contended that the contract was disregarded by
the defendant and that the work was so defectively and imper-
fectly done that the drain was practically unserviceable, and that
the payment of fifty dollars was greatly in excess of the value of
the drain as it was in fact constructed.   The defendant further
contended that she never accepted the work and never intended
to waive any of her rights under the contract; and it is not
stated that there was any evidence of an acceptance or waiver
unless the part payment of fifty dollars and her continued
possession of the farm during the winter can be deemed such
evidence.   It was not claimed, however, that mere occupation
of the farm would amount to an acceptance.

Upon this branch of the case the presiding judge instructed
the jury as follows :   "If that fifty dollars had been paid with
the full knowledge of the defendant as to the manner in which
the drain was constructed, it would be an acceptance of the
drain as built, and would be a waiver or a giving up of
any objection that the defendant might have had as to the con-
struction of the drain, and he would be liable to pay the balance
for its construction. . . . . So I say that if she or her agent
knew precisely how the drain was constructed at the time that

fifty dollars was paid, and no objection was made, it was an acceptance." Subsequently the presiding judge read an instruction requested by the defendant to the effect that it was incumbent upon the plaintiff to prove a substantial performance of his part of the contract to enable him to recover, and that if he failed to do this he was not entitled to recover, and said to the jury : "I will give you that in connection with what I have already said to you as to waiver and acceptance."

The testimony was conflicting in regard to the precise terms of the contract, the plaintiff claiming that his agreement was a general one to " dig a drain two feet wide and two feet deep and fill it full of rocks, at one dollar per rod," without any express provision as to the manner of building it or the quality of the work. But this issue is not involved in the decision of the question of law presented by the instructions given ; for it is an elementary principle that if the contract had been as claimed by the plaintiff, the law would imply an undertaking on his part to perform the work in a reasonably workmanlike manner, having regard to the general nature and situation of the drain and the purpose for which it was manifestly designed. As stated by Mr. Bishop, "the law interpreting the contract, adds to its general words, in the absence of special ones, or of special facts controlling the particular case, his promise to bring to the work ordinary skill and capacity, together with integrity therein and faithfulness to the interests of his employer." Bish. on Cont. § 1416. And it is equally well-settled and familiar law that under such circumstances the defendant, in the same action, is entitled to have deducted from the contract price by way of recoupment, all damages arising from a disregard of the obligations imposed by law in the performance of the contract, as well as those occasioned by a violation on the part of the plaintiff of the express terms of the contract. "Whatever the nature of the contract, however numerous or varied the stipulations, . . . . and whether they are all written or only partly written, or partly expressed and partly implied, the range of the right of recoupment is coextensive with the duties and obligations of the parties respectively, both to do and forbear,

as well those imposed first by the language of the contract, as those which subsequently arise out of it in the course of its performance.    It extends to damages resulting from negligence where care, activity and diligence are required and from ignorance where knowledge and skill are required." 1 Sutherland on Dam. 279.    See also Waterman on Set Off, Ch. 10 (Recoupment), § § 458-465 ; *Austin* v. *Foster*, 9 Pick. 341 ; *Cota* v. *Mishow*, 62 Maine, 124.

In the case at bar the defendant was entitled to have the plaintiff's compensation adjusted with reference to the terms of the agreement which she claims was never repudiated or broken by her.    But she received the benefit of the services performed under the agreement, and although the plaintiff may have failed to construct and complete the drain according to the obligations imposed by the terms of the agreement and created by the law, yet if he endeavored in good faith to perform and did substantially perform the agreement he was entitled to recover for his services the contract price after deducting so much as they were worth less on account of such imperfect performance of the contract. *White* v. *Oliver*, 36 Maine, 92, and authorities cited ; *Morgan* v. *Hefler*, 68 Maine, 131 ; *Gleason* v. *Smith*, 9 Cush. 484 ; *Moulton* v. *McOwen*, 103, Mass. 587.    Or, as the rule is often stated with less practical accuracy, he is entitled to recover the fair value of his services, having regard to and not exceeding, the contract price after deducting the damages sustained by the defendant on account of the breach of the stipulations in the contract.    *Blood* v. *Wilson*, 141 Mass. 25 ; *Powell* v. *Howard*, 109 Mass. 192.

Whether there had been a waiver by the defendant of all objections to the drain arising from the plaintiff's unskillful and defective performance of the work was a question of fact for the jury, to be determined with reference to the intention of the defendant, the subject matter of the contract and all the facts and circumstances disclosed by the evidence.    The instruction that a partial payment for the work, made even with full knowledge of the defects in the drain, must be deemed as a matter of law to be a waiver of all objection to the drain and a

final acceptance of the plaintiff's work, was clearly erroneous. A partial payment made with full knowledge of the condition of the work and without objection to it, would be competent evidence for the consideration of the jury, in connection with all the other facts and circumstances, as having some tendency to show such waiver and acceptance; but it would by no means be conclusive, and under some circumstances would obviously have very slight tendency to establish such a proposition. A dissatisfied party often makes only a partial payment and withholds a balance for the specific purpose of protecting his rights under a contract by thus reserving an opportunity to assert a claim for damages for imperfect performance. It was a misdirection to instruct the jury that a partial payment made even under the circumstances stated, was ipso facto such an acceptance and waiver as would preclude the defendant from claiming damages by way of recoupment for violation of the contract on the part of the plaintiff. *Davis* v. *School District*, 24 Maine, 349; *Andrews* v. *Portland*, 35 Maine, 475; *White* v. *Oliver*, 36 Maine, 92; *Moulton* v. *McOwen*, 103 *Mass.* 587; *Flannery* v. *Rohrmayer*, 46 Conn. 558; *Button* v. *Russell*, 55 Mich. 478.

*Exceptions sustained.*