[L. A. No. 3847.    Department One.—December 16, 1916.]

F. X. LEONARD, Appellant, v. HOME BUILDERS, Respondent.

BUILDING CONTRACT—COVENANT TO BUILD IN WORKMANLIKE MANNER— WAIVER OF BREACH—OCCUPATION AND PAYMENT OF PRICE.—Where a contract is made with the owner of land to erect a building thereon, and there is a breach, by the contractor, of his covenant to build it in a good and workmanlike manner, neither the occupation of the house by the owner, after its supposed completion, nor the payment of the price, though accompanied by knowledge by the owner of the defective construction, is sufficient, taken alone, to operate as a waiver of the breach of the covenant.

ID.—AGREEMENT BY VENDOR TO BUILD HOUSE FOR VENDEE.—This rule is applicable to the case of an agreement by the owner of land to erect for his vendee, in a good and workmanlike manner, a dwelling-house thereon, and thereafter to convey the house and lot to him upon payment of the purchase price.

ID.—SALE WITH COVENANT OF QUALITY — ACCEPTANCE OF DEFECTIVE PROPERTY—ACTION FOR BREACH OF COVENANT.—The rule that one

who buys property upon a warranty or covenant as to its quality need not rescind or reject the property when offered in a defective condition, but may stand upon the contract, rely on the covenant, accept the defective property, sue upon the covenant, and recover damages caused by its breach, is applicable with respect to the purchase of real property with a contract by the seller to build a house thereon.

ID.—WAIVER OF BREACH—ESTOPPEL.—The buyer may sue on the covenant at once, whether the installments of the price are due or not due. The payments on the price, whether in part or in full, voluntary or involuntary, will not operate as a waiver of his demand for damages, unless the circumstances show an intent to waive the same, or create an estoppel against the subsequent assertion thereof. In this case the facts show neither a waiver nor an estoppel.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

M. O. Graves, and F. X. Leonard, *in pro. per.,* for Appellant.

Garrett, Bush & Garrett, and D. A. Jacobs, for Respondent.

SHAW, J.—The defendant and the plaintiff executed an agreement in writing dated March 11, 1910, whereby the defendant agreed that it would, before June 15, 1910, erect for the plaintiff, in a good and workmanlike manner, a dwelling-house on a certain lot, in accordance with plans and specifications agreed on between them, and would thereupon sell said lot and house to plaintiff for the sum of $2,750; $232.50 thereof to be paid in cash and the balance to be paid in installments of $25 each month until the whole, with eight per cent interest, was paid, whereupon the property was to be conveyed to plaintiff.

The house was built in due time, the payments were made in full, and the lot was conveyed to plaintiff. This action is to recover of defendant the sum of two thousand dollars as damages alleged to have been caused by the breach by the defendant of its agreement to erect the house in a good and workmanlike manner. It is alleged that certain faulty and imperfect work was done and that certain imperfect materials were used in the construction of the building, whereby the

plaintiff was damaged in the sum named. The answer admits the execution of the contract, the erection of the building, the making of the payments and the conveyance of the lot to plaintiff. It denies the alleged breaches of the covenant to erect the house in a good and workmanlike manner and alleges that on the completion of the house the plaintiff accepted it, took possession and moved into it, with full knowledge of its condition and of the kind of work and materials used in its construction, and afterward, with full knowledge, paid to defendant the full balance of the price.

Upon the trial the court stated that it would first hear evidence for the plaintiff "with regard to the final payment of the balance due under the agreement in evidence, and as to the character of the same being voluntary or involuntary." Evidence in behalf of the plaintiff was then given to the effect that he made full payment of the price of the house and lot on February 19, 1912; that at that time he had full knowledge of all the facts with regard to the building erected on the lot by the defendant; that defendant made no threats and exercised no duress to obtain said payment; that he was under no compulsion except by the terms of the agreement, and that at the time of making said payment, which amounted to $2,252.63, plaintiff informed defendant in writing that payment was involuntary; that it was made under protest, and that plaintiff retained a claim against defendant for the "defective construction, etc.," of the house and that the payment was not made "in relinquishment, abandonment, release, or prejudice of or to said claims." The agreement made time of the essence of the contract, and provided for a forfeiture of all plaintiff's rights upon the breach by him of any one of its terms. There had been no breach by him, so far as appears. Plaintiff then stated that he had no further proof as to the character of the payment, and he offered to prove the other allegations of his cause of action.

The court refused to receive further evidence and thereupon gave judgment of nonsuit against the plaintiff. The appeal is from that judgment and was taken within sixty days after its rendition. There is also an appeal from an order denying plaintiff's motion for a new trial.

The appeals were taken to the district court of appeal of the second district. The district courts of appeal have no jurisdiction of appeals in cases at law in which the demand

amounts to two thousand dollars. (Const., art. VI, sec. 4.) The district court, discovering its want of jurisdiction, transferred the case to the supreme court, as provided in rule 32. (160 Cal. lvii, [119 Pac. xv].)

The payment was not involuntary in the sense in which that word is used in discussions of the right of the payer to recover back the money paid. (*Brumagim* v. *Tillinghast,* 18 Cal. 272, [79 Am. Dec. 176].) But the question whether the payment was voluntary or involuntary is not the real question in the case. The determinative question on this branch of the case is whether or not the conduct of the plaintiff in making the payment, under the circumstances shown, amounted to a waiver by him of the alleged breaches of the contract by the defendant. Where a contract is made with the owner of land to erect a building on the land, and there is a breach, by the contractor, of his covenant to build it in a good and workmanlike manner, neither the occupation of the house by the owner, after its supposed completion, nor the payment of the price, though accompanied by knowledge by the owner of the defective construction, is sufficient, taken alone, to operate as a waiver of the breach of the covenant. "A right of action for damages is not necessarily waived by the mere fact of payment with knowledge of the defects or the taking possession of the subject matter of the contract, but these facts may be considered on the question of a waiver of this character." (3 Elliott on Contracts, sec. 2051; *Katz* v. *Bedford,* 77 Cal. 322, [1 L. R. A. 826, 19 Pac. 523]; *Halleck* v. *Bresnahan,* 3 Wyo. 80, [2 Pac. 537]; *Flannery* v. *Rohrmayer,* 46 Conn. 558, [33 Am. Rep. 33]; *Hatlin* v. *Chase,* 88 Me. 240, [33 Atl. 989]; *Mouton* v. *McOwen,* 103 Mass. 597; *Stewart* v. *Fulton,* 31 Mo. 61; *Cannon* v. *Hunt,* 116 Ga. 457, [42 S. E. 734]; *Underwood* v. *Wolf,* 131 Ill. 425, [19 Am. St. Rep. 40, 23 N. E. 598]; *Redlands etc. Assn.* v. *Gorman,* 161 Mo. 208, [54 L. R. A. 718, 61 S. W. 820]; *Wildey* v. *School District,* 25 Mich. 427; 6 Cyc. 69; 30 Am. & Eng. Ency. of Law, 1232.)

This rule applies here. The plaintiff had made a binding agreement to buy the house and lot and had paid a substantial sum on the price. He was entitled to possession of the lot on completion of the house and he took possession accordingly. If he had known of the defects at that time, of which, however, there was no evidence, he would have had the right to

refuse possession, rescind the contract, and recover the money paid thereon. But this was not his only remedy, and he was not obliged to rescind or waive the defects. One who buys property upon a warranty or covenant as to its quality need not rescind or reject the property when offered in a defective condition, but may stand upon the contract, rely on the covenant, accept the defective property, sue upon the covenant and recover the damages caused by its breach. (*North Alaska Salmon Co.* v. *Hobbs, Wall & Co.,* 159 Cal. 384, [35 L. R. A. (N. S.) 501, 113 Pac. 870, 120 Pac. 27].) That case involved a sale of goods, but the rule is the same with respect to the purchase of real property with a contract by the seller to build a house thereon. The buyer may sue on the covenant at once, whether the installments of the price are due or not due. The payments on the price, whether in part or in full, voluntary or involuntary, will not operate as a waiver of his demand for damages, unless the circumstances show an intent to waive the same, or create an estoppel against the subsequent assertion thereof.

Here the payment was accompanied by a written notice expressly declaring that the plaintiff claimed damages for the defective construction and did not, by making the payment, relinquish, abandon, release, or prejudice said claim, but retained the same. There was, therefore, no intent to waive such claim and nothing to create an estoppel against the subsequent assertion of it by an action at law. Not only is this true, but the contract furnished good ground for the belief that no such waiver was intended. It made time of the essence and had very stringent provisions for prompt payment and for a forfeiture of all rights of plaintiff under it upon a breach of any of them. He was not in a safe position to refuse payment on the ground that his unliquidated damages would be sufficient to defeat or extinguish his fixed liability for the installments of the contract. While this was not legal duress or compulsion, it is strong evidence against the proposition that the payment in full was a waiver. The motion for nonsuit should have been denied.

The judgment and order are reversed.

Sloss, J., and Lawlor, J., concurred.