[Civ. No. 3796.   Fourth Dist.   Feb. 20, 1950.]

B. M. SPARLING, Appellant, v. ROY L. HOUSMAN et al., Respondents.

R. C. Donahue for Appellant.

T. R. Claflin for Respondents.

MUSSELL, J.—Action on building contract. Plaintiff and defendants on May 13, 1946, entered into a written agreement whereby the plaintiff agreed to construct for the defendants a dwelling house and garage on real property situated in the city of Bakersfield. The contract provided that the total cost of construction would be $7,800 and that the plaintiff, a building contractor, would be paid on the following basis: First payment when the form was up; second when the plaster was finished; third when the notice of completion was filed; and fourth payment 30 days after the filing of such notice. Defendants paid the first three installments but refused to make the final payment of $1,950 on the ground that the plaintiff had failed to construct the buildings in accordance with the contract and the plans and specifications, made a part thereof. The plaintiff thereupon commenced this action for the alleged balance due of $1,950. A trial was had before the court without a jury. ▮ Findings of fact and conclusions of law were waived by the parties and the court entered its judgment that the plaintiff's demand of $1,950 be allowed to the extent of $750, thus allowing an offset for breach of the contract in the sum of $1,200.

Rex F. Whittemore, a construction engineer called as a witness in behalf of the defendants, testified that he inspected the dwelling house and garage in question the day before the trial and found that the 8″ x 14″ concrete footings under the foundation walls were not constructed as provided in the

plans and specifications; that because of the improper work in the foundation, the house was settling, causing plaster cracks, ill-fitting doors, pulling away of base shoes in many places, opening of joints in woodwork and successive cracks in the exterior finish; that in some places the foundation walls were approximately 6 inches in width when an 8-inch width was required; that the "headers" in the garage were 2″ x 4″ where 2″ x 6″ were provided for in the contract; that the plans and specifications called for anchor bolts in the garage and the plates therein were nailed to the concrete floor; that the porch beams were shown to be 6″ x 4″ on the plans and 4″ x 4″ beams were installed; that the ceiling ties in the garage should have been 4 feet on center instead of in various widths exceeding 5 feet as installed; that there were no diagonal braces in the garage as required; that the vent over the kitchen stove was installed off center "practically missing the stove"; that the specifications provided for the installation of a kitchen sink, size 20″ x 30″ and that the actual installation was 15″ x 27″; that the hardwood flooring was surface nailed in places; that a recessed light over the kitchen sink was not installed; that the exterior stucco above the east portion of the porch had scratch or first stucco coat only, and that a facia board or cornice should have been installed around the edge of the roof. Mr. Whittemore testified, when asked what it would cost to replace the foundation and put in the condition it should have been in the first place, as follows:

"Well, if you mean to replace the foundation entirely the way it should have been to start with, it would involve the jacking of the house, jack up the building, tearing out the whole foundation, building new forms, digging new trenches, a lot more difficult job of pouring, correction of all the damage that is in existence there; and I can only give you an estimate gained from an inspection, which is not a cost estimate, but your carpenter work and everything involved would run awfully close to $2000.00."

The witness estimated that a replacement job would vary in cost from $750 to $2,000.

While there was considerable testimony produced by the parties as to the cost of remedying the defects in construction, the judgment of the trial court deducting $1,200 from the amount of the last payment finds substantial support in the

evidence. Furthermore, it was stipulated that the court might view the premises, which it did. ■ As was held in *Otey* v. *Carmel Sanitary Dist.*, 219 Cal. 310 [26 P.2d 308], the information obtained by the court from a view of the premises is "independent evidence that could be taken into consideration in determining the issue in the case" and when the view is with consent, what is then seen by the court is itself evidence and may be used alone or with other evidence to support the court's finding. (*Noble* v. *Kertz & Sons Feed Etc. Co.*, 72 Cal.App.2d 153, 159 [164 P.2d 257].) ■ In the instant action, as noted, findings were waived by the parties and, under such circumstances, it is presumed that every fact essential to the support of the judgment was proved and found by the court. (24 Cal.Jur. 956; *Moreno Mut. Irr. Co.* v. *Beaumont Irr. Dist.*, 94 Cal.App.2d 766, 780 [211 P.2d 928]; *Hughes* v *City of Torrance*, 77 Cal.App.2d 272, 281 [175 P.2d 290]; *Bekins Van Lines, Inc.* v. *Johnson*, 21 Cal.2d 135, 137 [130 P.2d 421].)

■ The determination of the amount to be deducted from the last payment by reason of the failure of plaintiff to substantially perform his contract was a question of fact for the trial court and we cannot disturb its finding on appeal. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689]; *Dillard* v. *McKnight*, 34 Cal.2d 209, 223 [209 P.2d 387].)

■ Plaintiff contends that the conduct of the defendants in moving into the building and failing to object to the manner in which the work was done constituted a waiver of the performance of the contract and in that connection cites *Smith* v. *Mathews Const. Co.*, 179 Cal. 797 [179 P. 205]. In that case the court held that the departures from the contract were slight, unimportant and immaterial; that they were each and all known of by the defendants and that they were not deceived or injured thereby.

In the instant case, the most serious failure in the performance of the contract was that of the failure to install the concrete footings and this was not observed by the defendants at the time of the installation. The defendant, Roy L. Housman, although present, did not measure the foundations until some time afterward, when he dug under the foundations and ascertained the absence of proper footings. Under these conditions, findings having been waived, it is presumed that the court found that there was no waiver by the defendants. In *Leonard* v. *Home Builders*, 174 Cal. 65, 68 [161 P. 1151, L.R.A. 1917C 322], the court said:

"Where a contract is made with the owner of land to erect a building on the land, and there is a breach, by the contractor, of his covenant to build it in a good and workmanlike manner, neither the occupation of the house by the owner, after its supposed completion, nor the payment of the price, though accompanied by knowledge by the owner of the defective construction, is sufficient, taken alone, to operate as a waiver of the breach of the covenant.''

The questions whether the plaintiff perfected the work according to plans and specifications and whether the defendants waived their right to recover for failure of performance on the part of plaintiff were factual questions for the court and we cannot say that the evidence does not support the judgment.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.