# JAMES H. WOODBURN *et al.*

### *v.*

# THOMAS A. GIFFORD.

66   285
40a   77

1. MECHANIC'S LIEN—*exists only as against contracting party, and should be limited to tract upon which building was erected.* Where A and B owned two tracts of land inclosed by one fence, and the husband of B, on behalf of himself and his wife, contracted with and procured the complainant to erect a building upon the smaller tract, consisting of 22½ acres, it not being alleged in complainant's bill, to enforce his lien, that A had any connection with the contract, and it not appearing that the contract was made with his assent, the court below found that the complainant was entitled to a lien on the undivided half of both tracts, which was ordered to be sold in default of payment: *Held,* that the decree should have provided for the sale of the interest of B and her husband only, and in the tract upon which the building was erected, comprising the 22½ acres.

2. DECREE—*direction as to surplus on sale.* In a proceeding to enforce a mechanic's lien for building a house upon a tract of land, the title to which was in the wife of the party contracting for the improvement, and a third party not connected with the contract, they also owning eighty acres adjoining the same, the wife having the undivided half of each tract, and the tract upon which the building was erected containing 22½ acres, the court ordered the sale of the undivided half of both tracts, which were worth $200 per acre, to satisfy complainant's demand of $666.84, and the surplus, after satisfying the decree, to be paid to the husband: *Held,* that the decree was erroneous in directing the surplus to be paid to the husband.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. KILGOUR & MANAHAN, for the plaintiffs in error.

Mr. J. M. WALLACE, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a bill, in the Whiteside circuit court, by defendant in error against plaintiffs in error, to enforce a mechanic's

lien.  The bill alleges that George W. Woodburn and Susan
Woodburn, two of the defendants below, were seized in fee
of the west half of the southeast quarter of section 20, and
the west half of the northeast fractional quarter, north of
Rock river, of section 29, all in township 21 north, range .7
east of the 4th principal meridian, in said county; alleges
that these tracts are fenced together, and used jointly as one
tract; that separation of them would be a great detriment to
each, and asks to have a lien declared upon the entire tract.
It then sets out a contract between plaintiff below and James
H. Woodburn, the husband of Susan, for the erection of a
building on the premises, alleging that James H. acted in his
own behalf and as agent for his wife.   There is no allegation
showing any connection of George W. Woodburn with the
making of the contract.

The defendants answered, denying that these tracts were
used as one tract, averring a practical division, and that the
tract upon which the building was placed was 22½ acres in the
exclusive possession of James H. and Susan Woodburn.

There was an issue formed by replication, and the case
tried before the court, and a jury, who returned a special ver-
dict, finding, among other things, that the complainant made
the contract with J. H. Woodburn and Susan Woodburn as
parties acting for and with the consent of and in conformity
to the will of all the defendants, and found due plaintiff on
said contract $666.84.   The defendants moved for a new trial,
which was overruled by the court, and a decree entered find-
ing that the house was built by the plaintiff on a certain tract
of land, describing it as in the bill; that the defendants, James
H. and Susan Woodburn, are indebted to him .in the sum as
found by the jury; that plaintiff was entitled to a mechanic's
lien on the undivided one-half of said tract; requiring James H.
and wife to pay said amount to plaintiff, with interest and
costs, within thirty days from the last day of the term, and
in default thereof it was ordered that said premises, or so
much thereof as might be necessary to satisfy the decree, be

sold by a special master, who was authorized to issue a certificate to the purchaser, and, if not redeemed, to make a deed to the purchaser. Out of the proceeds the master should pay the costs and the amount due to complainant, and the surplus to James H. Woodburn.

The evidence is preserved in the record, and the case brought to this court by writ of error. George W. Woodburn and Phebe, his wife, were made parties defendant, and unite in bringing error.

There is no allegation in the bill that George W. Woodburn, who was seized in fee of an undivided one-half interest in the premises ordered to be sold, was in any manner affected or bound by the contract alleged to have been made by James H. Woodburn and wife, nor is there any evidence in the record to sustain the finding of the jury, that the contract was made by James H. as acting for or with the assent of George W.

The case shows that all the lands ordered to be sold comprise 100 acres, worth some $200 per acre. The decree directs the sale of the whole, and that the surplus arising shall be paid to James H. Woodburn, when the fee of the land was in his wife, and George W. Woodburn. This was error. The decree should have provided for the sale of the interest of James H. and Susan Woodburn only, and in the tract on which the building was erected, comprising the $22\frac{1}{2}$ acres.

For these errors, the decree must be reversed and the cause remanded.

*Decree reversed.*