## Salome Enos *et al.* ·

*v.*

## John A. Chesnut *et al.*

1. Pleading and evidence—*matters not denied need not be proved.* On bill in chancery by trustees of a church society, proof of the legal organization of the church, and of the election of the trustees, is not necessary. When these matters are not denied in the defendant's answer, they are admitted.

2. Consideration—*giving town lots in payment of subscription for a church.* Where the owner of lots offered to give two of them in payment of his subscription to a church, of $50, in 1829 or 1830, which at that time was the full value of the lots, and the offer was accepted and his subscription marked paid, and the church went into possession and built a church edifice thereon, and the owner, when asked for a deed, replied he would (and did) mark on the plat of the addition made by him, that the lots were donated for the use of the church, it was *held*, that, aside from the entry on the plat, the church acquired an equitable, unconditional title, and the right to a full title, by taking the lots in payment of the subscription, and had the right to dispose of them.

Writ of Error to the Circuit Court of Sangamon county; the Hon. John A. McClernand, Judge, presiding.

This was a bill in chancery, filed in the circuit court of Sangamon county, by the complainants, trustees of the First Methodist Episcopal Church of Springfield, against the defendants, heirs of Pascal P. Enos, deceased, for the conveyance or quieting of title to certain real estate.

The complainants claim title to the property, lots 3 and 4 in block 1, in Enos' addition to Springfield, by virtue of an agreement made by Pascal P. Enos in his lifetime, for the sale

thereof, and also by virtue of a donation made on a recorded plat of such addition by said Enos. They allege that, in the progress of the growth of the city, these lots have become unsuitable for church purposes, and the church now desire to sell them and build elsewhere, but have been prevented from making sale on account of the claim set up by the defendants. The court below decreed in favor of the complainants, that the said church had an indefeasible estate in fee simple in the lots, without qualification or condition subsequent, and that the trustees thereof, under the direction of the society or congregation of such church, have full right to sell the same for the use of said church, free from the claim and title of the defendants. The defendants bring this writ of error.

The proof shows, that about the 10th day of October, 1831, Pascal P. Enos made, acknowledged and had recorded a plat of his addition to the town of Springfield, and wrote and entered upon the plat the following: " lots three and four, (3 and 4,) in block one, (1,) donated for the use of the Methodist Episcopal Church;" that the first house for a church building was begun to be built on said lots in 1829, and was dedicated in the winter of 1830, and said lots have been occupied and used ever since as a place of worship for the congregation composing the First Methodist Episcopal Church in Springfield; that the lots are now in the business part of the city of Springfield, surrounded by business property, and that it is desirable for the interest of the society, that the property should be sold. It was in evidence by Peter Cartwright, that the money for building the First Methodist Episcopal Church in Springfield was raised by subscription, the subscription paper being circulated by himself; that Pascal P. Enos subscribed $50; that afterward Enos proposed to give two lots in his plat of the new town, or the money, for his subscription; that witness, after taking time to consider of the proposition, decided to take the lots in payment of the subscription of Enos, and marked the latter as paid on the subscription paper, and requested Enos to make a deed to the trustees; that Enos said

he would note it on his plat of the new town, which was not recorded, which would be valid as a deed, and witness replied, if that was legal, it was all that was necessary, and afterwards the members of the Methodist Episcopal Church erected their building.

Mr. E. B. HERNDON, for the plaintiffs in error.

Messrs. STUART, EDWARDS & BROWN, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

It is objected against the decree, that there is a failure of proof of the legal organization of the society defendants in error claim to represent, and of their election as trustees, as claimed in the bill. It is sufficient to say, that there is no denial, in the answer of the defendants, of such organization, or election as trustees, and the capacity of defendants in error to sue stands admitted, not being denied by the answer.

Without dwelling upon the effect of the alleged donation by the entry on the town plat, as under our statute vesting an unconditional title in the donee as against Pascal P. Enos and his heirs, we are of opinion that there is sufficient warrant for the decree in the evidence as to the agreement of sale of the lots made by Enos. He had subscribed $50 towards building a church. He afterward proposed to give these two lots in payment of his subscription. The offer was accepted, and his subscription of $50 marked as paid. This was in 1829 or 1830. The church edifice was built upon these lots, and this society has ever since occupied and improved them. Here was a valuable consideration received for the lots, the taking them for a subscription of $50, and canceling the subscription. The evidence shows that, at the time, they were not worth more than $50.

We do not see why, upon this ground, apart from the alleged donation, the defendants in error do not show an equi-

table title to the lots, the right to full title.   The decree will therefore be affirmed.

*Decree affirmed.*