\* LYDIA VAN LONE ET AL.

v.

FLOYD K. WHITTEMORE.

MECHANIC'S LIEN—SALE OF LAND.—The decree for the sale of the land under the mechanic's lien is reversed, as the court ordered all the land sold instead of the several tracts on which the buildings were situate respectively.

ERROR to the Circuit Court of De Kalb county ; the Hon. C. W. UPTON, Judge, presiding. Opinion filed April 5; 1886.

Messrs. JONES & BISHOP, for plaintiff in error.

Messrs. DUNTON & PRATT, for defendant in error.

LACEY, P. J.   The above two suits were consolidated by order of the court below, and were tried as one suit.   The suits in the first instance having been commenced by the defendants in error in proceedings to foreclose mechanic's lien, by each defendant in error separately, but against the same party, John Lovell and his representatives, he having died, leaving his wife Lydia, and children, Walter C., James and Lotta B. Lovell.   The first suit was commenced by Marshall Stark to foreclose on the premises hereinafter mentioned, for lumber sold to John Lovell, and by him used in building a dwelling-house on the farm he occupied.   Stark having died, the defendant in error was made party complainant in his stead. The other suit was commenced by Floyd K. Whittemore, the surviving partner of Harkness & Whittemore (John B. Harkness was the full name of the partner who was deceased), for building, hardware and other building material for the erection of a barn and a dwelling-house upon the same premises occupied by John Lovell.   The claim of Stark was for a balance of $252.07, and of Harkness & Whittemore, $219.93.   It seems that John Lovell, who was the son of James Lovell, Sr., occupied the land described in the petitions, but that the lat-

\*Two cases.

ter held the title to it. James Lovell having died, the heirs of John Lovell, deceased, were made by his will the legatees of the real estate, and they claim title through their grand-father, James Lovell, Sr., deceased. In each of said petitions James Lovell, Sr., was made a party, and in each it was averred that the materials were purchased by said John Lovell upon credit to be used in the erection (in the case of Harkness & Whittemore) in the construction of said barn and dwelling-house, and (in case of Stark) to be used in building, and it was in fact used in building an addition and repairing a certain building on the premises, and it was also averred in each that the said lumber and materials were so furnished and used with the full knowledge and consent of James Lovell, Sr., and under his direction and approbation.

The real estate described in each of said petitions as being the real estate on which the materials were to be and were used is as follows: Assessor's lots Nos. 11, 15, 17, 18, 24, 25, and 27 of section No. 35, in township No. 41 N., R. 5, east, 3d P. M.; also that part of the northwest quarter of section No. 2 in township No. 40, range 5 east, and all that part of the west half of said section No. 2 lying north of the Syca-more and St. Charles road passing through said section 2, ex-cept a strip two rods wide on the east side thereof, all in De Kalb Co., Ill. The cause, after the various amendments and consolidation, went to final decree, which found the sums due as alleged in the petition to each of the parties found in this case of Stark, defendant in error ; that the lumber and cement was to be and in fact was used in building an addition to and repairing a certain building located on the premises described, and in case of Whittemore, defendant in error, the court found that the hardware and other building material was to be and was used in the " construction of the said barn and dwelling house on the said premises." The order for sale follows in the regular order, the land ordered to sale being the same as set out in the petitions. The decree was ren-dered Nov. 25, 1884. To reverse this decree, this writ of error is brought. There appears to be a double description of the land lying in section No. 2, as the west half of the section

includes the northwest quarter, and in each description it is that portion lying north of the Sycamore and St. Charles road, so that the last description covers all. This court can take judicial notice that the various lots in said section 35, in township 41, north, is an entirely different tract of land than that part in section No. 2 in township No. 40. The tracts are separated by the township line. The house, as a matter of fact, can not be constructed on both tracts. It must be on the one or the other, and the evidence in the record discloses that it is located on the land lying in said section No. 2. The decree, then, to sell the lots lying in said section No. 35, is erroneous. This could not be aided by virtue of the Whittemore petition, for, in that case, if the house and barn were located on the said section 2, it would be liable to the same objection that we find to the Stark case as above stated; and in case the barn were located on the lots in said section No. 35, then the lien for the material furnished for the barn would be separate and independent of the lien for materials furnished for the house, and the two could not be blended and the two tracts sold jointly.

The lot or tract of land upon which the building is located can alone be sold. See Woodburn et al. v. Gifford Co., 66 Ill. 285.

We have examined the other objections made to the action of the court in rendering the decree, and do not find that they are well taken, and it will not be necessary to notice them independently. But for the error of the court in ordering all the land sold instead of the several tracts on which the building or buildings are situate respectively, the decree will be reversed and the cause remanded.

Reversed and remanded.