**William E. Goodman v. Bernard Fried, Frank R. Chandler, Trustee, George W. Cass, Trustee, Eva Compton, Frank Compton et al.**

1. MECHANIC'S LIEN—*Law Needs Revision.*—The Mechanic's Lien Law, with its multitude of details, all of which must be strictly complied with by those who seek its benefits, is a delusion and a snare.

2. SAME—*Insufficient Claim Under Section Four.*—Where a mechanic

Goodman v. Fried.

made one contract for the plumbing and sewage of six separate cottages, each upon a lot having a separate number of its own, and in attempted compliance with section four of the mechanic's lien law filed his claim giving dates of the labor performed, but not of the materials furnished in performance of the contract, and showing the amount due upon the whole contract, *it was held* no lien could be had upon any lot except for the work and materials for that lot. The statement was insufficient.

**Memorandum.**—Proceedings under the lien law. In the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Petition to foreclose a mechanic's lien; petition dismissed; appeal by petitioner. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

COPY OF THE CONTRACT.

SOUTH EVANSTON, Ill., May 11, 1892.

Bernard Fried, owner of the six cottages corner Asbury avenue and Greenleaf St., Evanston, Ill.

DEAR SIR: Will furnish all material and labor and complete the plumbing and sewerage in your six cottages according to plans and specifications, for the sum of ten hundred and twenty-five (1025) dollars.

Yours respectfully,

W. E. GOODMAN.

EVANSTON, May 11, 1892.

W. E. Goodman, Esq., Evanston.

DEAR SIR: I accept above proposition and authorize you to go ahead with this work without delay.

Yours respectfully,

BERNARD FRIED.

Copy of the statement of claim for a lien, held insufficient.

STATE OF ILLINOIS, } ss.
    Cook County. }

In the Circuit Court of Cook County.

WILLIAM E. GOODMAN }
      v. } Claim for Lien.
  BERNARD FRIED. }

William E. Goodman, being first duly sworn, on oath says that he is the claimant above named, and that the attached "Exhibit A," is a just and true statement of the account due claimant from said Bernard Fried for labor

and materials furnished said Bernard Fried at the times in said statement mentioned, which various amounts are due and payable to claimant from and after the respective dates thereof; and affiant says that the materials in said statement mentioned were used in the construction and improvement of six buildings situate upon the following described premises in the county of Cook, and State of Illinois, to wit: Lots one (1) to six (6) inclusive, in block seven (7) of Compton's re-subdivision of lot one (1), block seven (7), Pitner's addition to Evanston.

And affiant says that there is now due and owing to said claimant from said Fried, at whose request said material and labor was furnished as aforesaid, after allowing to him all just credits, deductions and set-offs, the sum of $1,050, for which amount said William E. Goodman claims a lien upon the above described premises.

                                        WILLIAM E. GOODMAN.

Subscribed and sworn to before me this 18th day of July, A. D. 1892.

                                        WILLIAM G. NORKETT,
[NOTARIAL SEAL.]                            Notary Public.

APPELLANT'S BRIEF, JAMES HIBBEN, ATTORNEY.

Where the owner of property holds out another, or allows him to appear, as the owner of, or as having full power of disposition over the property, and innocent parties are thus led into dealing with such apparent owner or person having the apparent power of disposition, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they have directly dealt, but they are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power he caused or allowed to appear to be vested in the party, upon the faith of whose title or power they dealt. Bigelow on Estoppel, 468; Higgins v. Ferguson et al., 14 Ill. 269; Donaldson et al. v. Holmes, 23 Id. 85; Schwartz et al. v. Saunders, 46 Id. 18; Oglesby Coal Co. v. Pasco, 79 Ill. 170.

To have given an itemized statement of the amount paid each laborer, each day he worked, and the charge for each portion of all the materials used in the buildings, when the entire contract was for a specific sum, viz., $1,025, and that amount is expressly set out in the notice for lien, is doing what the law does not require—"a useless act." Green v. Green, 34 Ill. 328.

"When an entire job is done under contract, the same reason and necessity do not exist for giving the various items of work or material as would in a case where there was no express contract for doing the entire job for a sum certain." Poole v. Wedmeyer, 56 Tex. 287; Heston v. Martin, 14 Cal. 41.

APPELLEES' BRIEF, HERMAN W. STILLMAN AND CHAUNCEY W. MARTYN, ATTORNEYS.

"A mechanic's lien does not exist and is not enforceable of common right, but it is purely a statutory lien, and can be maintained only upon those conditions which the statute imposes." Campbell v. Jacobson, 145 Ill. 389.

The statement affords no information of the amount claimed against each house, nor is there any evidence whatever of the amounts properly chargeable against each. On the contrary, appellant himself testifies that the houses are separate and detached; that he doesn't know how much material went into each of them, and that he never separated the houses as to the quantity of material and labor for each. He claims one lien upon the entire premises, and asks for one sale for the satisfaction of the entire claim. Our Supreme Court has sufficiently passed upon the regularity of a decree in conformity with such a prayer in Steigelman v. McBride, 17 Ill. 300; James v. Hambleton, 42 Ill. 308; Culver v. Elwell, 73 Ill. 536.

And this court has considered the question in Bayard v. McGraw, 1 Brad. 134.

In Culver v. Elwell, 73 Ill. 540, the language of the court is as follows:

"Another serious error assigned is, that the decree establishes liens upon all these buildings, five in number, on

separate lots and different blocks, as upon one building. If these five buildings were one block, covered by the same roof, such decree would be proper. James et al. v. Hambleton et al., 42 Ill. 308. We understand these premises to be distinct and separated from each other, and under separate roofs. This being so, the rule in Steigleman v. McBride, 17 Ill. 300, applies, where it is said, if the work done or material furnished are upon distinct premises, the lien must be against each of the several premises, according to the value of the work and material on each."

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The mechanic's lien law, with its multitude of details which must be strictly complied with by those who seek its benefits, is a delusion and a snare.

In this case the appellant made one contract for the plumbing and sewerage of six separate cottages, each upon a lot having a number of its own, and in attempted compliance with section 4, filed his claim, giving the dates of the labor performed—but not of the materials supplied—in performance of the contract, and showing $1,050 due on the whole contract.

As no lien could be had upon any lot except for the work and materials for that lot, such claim was not a compliance with the statute. Bayard v. McGraw, 1 Ill. App. 134; Seiler v. Schaefer, 40 Ill. App. 74, and cases cited in those.

The appellant not being entitled to maintain a suit for a lien, it is not necessary to inquire whether the proceedings below were regular, and the decree dismissing his petition is affirmed.