Bernhard Fried, Frank Compton, Eva Compton, Frank R. Chandler, Trustee, George W. Cass, Trustee, and the Holders of the Notes Secured by Trust Deeds to said Trustees, v. William Blanchard and Tim B. Blanchard, Partners, as T. B. Blanchard & Co.

1. MECHANICS' LIENS—*Material for Separate Buildings in Gross.*—A materialman can have no lien for lumber furnished for erecting six separate buildings on different lots under a contract in gross for the whole, no account being kept of the lumber that went into any separate building.

2. SAME—*Separate Buildings on One Tract.*—A lien for material furnished for the erection of separate houses on the same tract of land may be enforced, and the fact that after the making of the contract for such material the tract of land is subdivided so as to locate each house upon a separate lot does not affect the lien.

3. SAME—*Statement Under Section 4.*—The statement required by Section 4, of Chapter 82, R. S., entitled "Liens," must specify the dates upon which the materials were furnished, without which there can be no lien.

4. SAME—*Statement—Dates—Presumption as to.*—Where a statement of materials furnished contains no date except the one date at the head of the statement the presumption is that such date is that of the making of the statement and not that of the furnishing of the materials.

Mechanics' Liens.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed April 16, 1895.

STILLMAN & MARTYN, attorneys for appellants.

NORTON, BURLEY & HOWELL, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In Goodman v. Fried, 55 Ill. App. 362, we held that Goodman had no lien for the plumbing of six separate cottages on different lots, under a contract in gross for the whole six.

Here the Blanchards claim a lien upon the same property for the lumber furnished for the same houses under an order as follows:

"CHICAGO, Ill., Apr. 1, '92.

MESSRS. T. B. BLANCHARD & Co.

Gentlemen: Please deliver to Mr. F. Remus such lumber as he may need to build my six houses on Greenleaf and Ashbury Aves., South Evanston, and charge the same to my account, and oblige,

Yours truly,

BERNHARD FRIED."

When the order was given and the delivery of the lumber began, the ground was on the record shown as lot 1, block 7, Pitner's addition to Evanston. Before Goodman's contract, the lot had been subdivided and the plat recorded. Before plumbing can go into a house it must be partly constructed, and therefore its location is fixed. The delivery of lumber may begin before the location is determined.

No separate account was kept of the lumber that went into each house, nor does the record show whether more went into some than into others. As the delivery of the lumber began April 11th, the acceptance of the order by Fried dated April 1st, must have been on one of, or between those days, and such acceptance constituted a contract under which a lien, if there be a lien, attached from the time that the contract was made. Paddock v. Stout, 121 Ill. 571. Though it is the performance that furnishes the "rich oriental perfume," of which Breese, J., speaks in 23 Ill. 634.

Now if, with lot 1, block 7 unsubdivided, the order had been for lumber to build " my house " instead of " my six houses," then the lien would have attached to the whole lot, and St. Louis Nat. Stock Y'ds v. O'Reilly, 85 Ill. 546, seems to prove that more than one house does not affect the lien. Berndt v. Armknecht, 50 Ill. App. 467. The

appellees were therefore entitled to a lien so far as the contract and performance of it were concerned. But the cases of McDonald v. Rosengarten, 134 Ill. 126, Campbell v. Jacobson, 145 Ill. 389, and McIntosh v. Schroeder, 39 N. E. Rep. 478, settle that the statement filed under Sec. 4 of the lien act, must show "the times when the material was furnished," or there is no lien, even against the owner. Bradley v. Pearson Lumber Co., 58 Ill. App. 417.

Here the statement filed, and the truth of which is sworn to, is as follows:

Lumber,
Building Paper,
Shingles,
Lath, etc.

EVANSTON, ILL., Sept. 1, 1892.
Mr. Bernhard Fried, Ashbury Ave. & Greenleaf S.
Bought of T. B. Blanchard & Co., Office and Yard, Railroad Track, north of Depot.

| | Feet. | Pieces. | Size. | Length. | Description. | Price. |
|---|---|---|---|---|---|---|
| Apl. 11, | 1610 | 115 | 2x6 | 14 | | 13½ 21-74 |

Then follow the other items of the account showing frequent deliveries of material until July 8.

In the margin at considerable intervals in the column headed April (the paper being ruled in columns), are written names of months, May, June and July—and at more frequent intervals, in the column under 11, figures, none higher than 31. No figures are to be found which can be supposed to indicate *Anno Domini*, except the 1892 at the head. This, as the master found, "is clearly the date when the bill was made up, and can not throw any light on the year in which said materials were furnished."

We agree with the appellee's counsel that this objection "is uniquely hypercritical."

I speak now for myself, and not for the court, in saying that the principle on which the mechanic's lien law has been administered in this State has always been wrong; that instead of being construed strictly as in derogation of the common law, it should have been liberally construed, as a law to supply an omission in the common law; that

some degree of trust and confidence must be reposed in each other by men in civilized life, and when one under contract with another attaches his property or labor to the property of that other, so that it can not be recalled, he should have a lien for the enhanced value, and therefore, that whoever brings himself within the first or twenty-ninth section of the act should not be cut off from a lien by neglect to comply with other sections, not in terms, or by necessary construction, imposing conditions precedent, unless it be a fair conclusion that such neglect was intentional, or in some way prejudicial to another. But the established law permits no such course, and as the statement gives to one having no other knowledge of the transaction than what could be derived from the statement itself, no information as to what year the lumber was furnished, we must hold it insufficient.

The decree is therefore reversed and the cause remanded with directions to dismiss the petition at the cost of appellees.