Moore v. Parish.

## Anton Moore v. Carrie I. Parish et al.

1. MECHANIC'S LIENS—*Statement Under Section 4.*—A general statement of the gross amount or balance due for work and material furnished under a contract for the erection of a building during a named period, is not a compliance with Section 4, Chapter 82, R. S., entitled " Liens."

Mechanic's Lien.—Work and material. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard at this court in the March term, 1895. Affirmed. Opinion filed May 16, 1895.

JAMES C. McSHANE, attorney for appellant.

APPELLEES' BRIEF, ASHCRAFT, GORDEN & COX, ATTORNEYS.

Appellees contended that the statement is void for want of dates and items. Rush v. Able, 90 Pa. St. 153; Bayer v. Reeside, 14 Pa. St. 167; McClintock v. Rush, 63 Pa. St. 203; Johnson v. Gold, 32 Minn. 535; McDonald v. Rosengarten, 35 Ill. App. 71; Campbell v. Jacobson, 46 Ill. App. 287, 289; McDonald v. Rosengarten, 134 Ill. 126, 130; Campbell v. Jacobson, 145 Ill. 389; Phillips on Mechanic's Liens, Sec. 359; Valentine v. Rawson, 57 Ia. 179; Holtschneider v. Page, 51 Mo. App. 285.

The lien notice is bad, because it does not state what part or portion is for work or what part for materials. Shackelford v. Beck, 80 Va. 573; Greene v. Ely, 2 G. Gr. (Ia.) 508; Valentine v. Rawson, 57 Ia. 179.

A statement of balance due is not sufficient. Graves v. Peirce, 53 Mo. 423; McWilliams v. Allan, 45 Mo. 573; Burrough v. White, 18 Mo. App. 229; Foster v. Wulfing, 20 Mo. App. 85; Lowis v. Cutter, 6 Mo. App. 54; Rude v. Mitchell, 97 Mo. 365; Coe v. Ritter, 86 Mo. 277.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A stipulation as to interests of third persons now in this record, takes the case out of the reason on which it was decided when here before. 50 Ill. App. 233. And the Supreme Court have since decided that the reason was bad. Campbell v. Jacobson, 145 Ill. 387; McIntosh v. Schroeder, 39 N. E. Rep. 478.

The attempt by the appellant to comply with section 4 of the act as to liens, in " setting forth the terms when such material was furnished or labor performed," was by a verification of an account as follows:

"CHICAGO, Ill., March 24, 1891.
James A. Parish to Anton Moore, Dr. :

To balance due for carpenter work and material for same, furnished under contract during a period commencing May 1, 1890, and ending about January 15, 1891, $3,753."

The only information that account gave was that Moore claimed from Parish a balance for work and material—how much of either not shown—furnished during a period of about eight months and a half.   Such an account is not a compliance with Sec. 4.   There is no decision quite in point, but the language used in deciding McDonald v. Rosengarten, 35 Ill. App. 71, 134 Ill. 126, and Campbell v. Jacobson, 46 Ill. App. 287, 145 Ill. 389, applies.

The decree dismissing the petition must be affirmed.