## Frederick G. Buckely and John A. Buckely v. The Commercial National Bank et al.

1. MECHANICS' LIENS—*Can Not be Established on Separate Buildings En Masse.*—A mechanic who, by one single contract with the owner of several separate buildings, each upon separate contiguous lots, engages to, and in pursuance thereof, performs, labor, etc., upon such buildings, is not entitled to one lien for his work upon the entire number of buildings.

**Foreclosure**—*Cross-Bill for Mechanic's Lien.*—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

LEROY E. MILLER, attorney for appellants, contended that the principle that these houses are under one roof is not inimical to the mechanic's lien law of our State.

" The contract was one, and related to the row as an entirety, and not to the particular buildings separately. The whole row was a building within the meaning of the law from having been united by the parties in one contract as one general piece of work." A notice against them all as an entirety is good. Phillips v. Gilbert, 101 U. S. 721.

To same effect: Pennock v. Hoover, 5 Rawle (Pa.), 291;

Willamette Steam Mills Lumbering and Manufacturing Co. v. Shea et al., 32 Pac. Rep. 758; 24 Oregon 40; Taylor v. Montgomery, 20 Pa. St. 443; Moran et al. v. Chase, 52 N. Y. 346; Hall et al. v. Sheehan, 69 N. Y. 618; Livingston v. Miller, 16 Abb. Pr. (N. Y.) 371 Brabazon v. Allen et al., 41 Conn. 361; Marston et al. v. Kenyon et al., 44 Conn. 349; Lyon v. Logan, 68 Tex. 521; Berndt et al. v. Armknecht et al., 50 Ill. App. 468.

In the States where the mechanic's lien statute and the requirements for the claim are similar to our statute, viz., in Maine, Massachusetts, Pennsylvania, Virginia, Iowa, Texas, New York, Connecticut, Nebraska, Oregon and Washington, the single lien principle has been upheld. Phillips' Mechanic Lien Law, Par. 639, page 604; Wall v. Robinson et al., 115 Mass. 429; The Bowman Lumber Co. v. Newton et al., 72 Iowa 90; Sergeant v. Denby, 87 Va. 206. Williamette Steam Mills L. and M. Co. v. Shea et al., 24 Ore. 40; Doolittle & Gordon v. Plenz, 1 Neb. 153; Batchelder v. Rand et al., 17 Mass. 176; Miexell v. Griest (Kan.), 40 Pac. Rep. 1070; Williams v. Judd-Wells Co. (Iowa), 59 N. W. Rep. 27; Wakefield v. Latey et al. (Neb.), 57 N. W. Rep. 1002.

The contract being entire for the whole of the work on all of the buildings, it follows, we believe, that it must be set out in the lien statement filed, as an entirety. It can not be divided and enforced in fragments by several suits, but must be enforced as a whole, as it was made. Crosby v. Loop et al., 14 Ill. 330; 2 Parsons on Contracts, 519; Thomas v. Board of Trustees et al., 71 Ill. 310.

Sleeper & Barbour, attorneys for appellees, contended that appellants are not entitled to the lien, citing Steigleman v. McBride, 17 Ill. 300; Culver v. Elwell, 73 Ill. 540; Bayard v. McGraw, 1 Ill. App. 134; Goodman v. Fried, 55 Ill. App. 362.

If the statement set up one entire lien against several lots, the defect is not cured by proving a separate lien against each lot, months afterward. Morris Co. Bank v. Rockaway Mfg. Co., 16 N. J. Eq. 150.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The Commercial National Bank of Chicago, one of the appellees herein, commenced its suit against John S. Woollacott, and others, to foreclose a certain mortgage claim on a note for $5,000, given by John S. Woollacott, and upon a quit-claim deed given by said Woollacott and wife to John B. Meyer, in trust for the appellee. Appellee prayed that a decree be entered declaring said quit-claim deed a mortgage given to secure an indebtedness of John S. Woollacott, in the sum of $12,800, which was evidenced by his note to appellee. Appellees prayed for an accounting, and for a decree in said foreclosure proceedings. Appellants, who were parties defendant, filed an answer to the bill, and afterward a cross-bill, in which they sought to establish a mechanic's lien upon the premises in question for the sum of $3,353.75, which they claimed was due for the painting and glazing performed on the premises for John S. Woollacott.

The question here is whether the mechanic's lien of appellants should or should not be allowed as a prior lien to appellees' mortgage lien.

The Superior Court found that it should not be, and we think properly.

The premises in question consist of seven lots, numbered respectively from one to seven, upon each of which is located a brick residence building. Lots numbered from one to four front upon Lake View avenue, and lots numbered from five to seven, front upon Roslyn Place, two Chicago streets. In the rear of lots one to four is a private alley four feet wide, and to the west of this alley are situated lots five to seven. Four residences occupy the four lots on Lake View avenue, one on each lot, and are joined together by partition walls, the center line of each of said walls conforming to and being on the lot lines as shown by a plat in evidence. The three residences on the three lots fronting upon Roslyn Place are built in the same way. The master found that it does not appear that either set of residences are under a single roof. It thus appears that the seven buildings stood each upon

a separate lot, and that four of them were entirely separated and divided from the other three by an alley. The subdivision of these lots was apparently properly made, and was duly recorded in the recorder's office prior to the date of the incumbrances by way of mortgage to the appellee bank, and of doing the work for which the lien of appellant is claimed.

Appellants' brief states the situation of the property as follows:

" The buildings or improvement in question were built by the owner at the same time, upon separate but contiguous lots, and his contract with the appellants for the painting and glazing of the buildings was one which specified a fixed price for the whole, without any stipulated sum for the houses separately. The front wall of the four houses on Lake View avenue is continuous. Nothing appears to designate the line between the houses; they are divided by party walls. The roofs are all divided by the continuations of the party walls, which extend above the roofs. The same is true of the three houses fronting on Roslyn Place. Between the two blocks of houses a small private alley, four feet wide, extends the whole length of the property, having an inlet, but no outlet, and used in common for the purpose of ingress and egress of the two blocks of houses."

The appellants' contract with the owner was an entire one, for work on all the buildings, and they seek, under that contract, to establish one lien upon the entire seven buildings so standing upon separate lots, and separated by the alley.

This we do not think may be done. Culver v. Elwell, 73 Ill. 540; Goodman v. Fried, 55 Ill. App. 362; Paddock v. Stout, 121 Ill. 571.

So holding, it is not necessary to notice what seem to be other good grounds for affirming the decree of the Superior Court.

The decree is affirmed.