63  339
166s 637

# William Grace and Frank D. Hyde v. The Oakland Building Association et al.

1.  EQUITY PRACTICE—*Averments of the Bill and Exhibits.*—Where a statement of a supposed fact is unnecessarily in an exhibit, and the bill contains an averment that the fact is otherwise, upon demurrer the averment of the bill is to be taken as true.

2. SAME—*Allegations not Admitted Must be Proved.*— Corporate capacity to sue, if not denied by the answer, is an exception to the rule that whatever is alleged by the bill, and material if not admitted by the answer, must be proved.

3. MECHANIC'S LIENS—*Sufficiency of Statement.*—A statement of a claim for a lien under section 4 of chapter 82, R. S., entitled Liens (in force previous to July 1, 1895), which contains no dates as to where the materials were furnished or labor performed, is insufficient.

**Bill to Enforce a Mechanic's Lien.**—Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

- F. W. BECKER and DALE & FRANCIS, attorneys for plaintiffs in error.

WOLSELEY & HEATH, attorneys for defendants in error.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The opinion of this court in Schroth v. Black, 50 Ill. App. 168, might have been more clearly expressed.

The effect of it, upon the point under consideration, is, that where a statement of a supposed fact is unnecessarily in an exhibit, and the bill contains an averment that the fact is otherwise, upon demurrer the averment in the bill is to be taken as true—not that the meaning or construction of an exhibit can be changed by any averment in the bill.

The plaintiff in error filed a cross-bill to enforce a mechanic's lien. The proceeding is under chancery rules by the law in force when the cross-bill was filed, May 25, 1895, as well as by the law which took effect July 1, 1895. Therefore, whatever was alleged by the cross-bill, and material, if not admitted by the answer, must be proved, or no relief can be given. DeWolf v. Long, 2 Gilm. 679, has been adhered to in a great many cases. Nelson v. Pinegar, 30 Ill. 473. Corporate capacity to sue, if not denied by the answer, is an exception. Enos v. Chesnut, 88 Ill. 590.

The master, to whom the case had been referred, reported against the appellants, because, as he truly stated, there are

in the claim filed by the appellants, under Sec. 4, Ch. 82, of the law in force when this cross-bill was filed, no dates as to when materials were furnished or labor performed. The appellants therefore had no lien, and the decree dismissing the cross-bill is affirmed. Fried v. Blanchard, 58 Ill. App. 622. Affirmed.