## National Home Building and Loan Association v. Mollie O. McAllister et al.

1. MECHANIC'S LIEN—*Construction of the Statute—Statement as to Time, etc.*—Sections 4 and 28 of the mechanic's lien act, are *in pari materia*, and are to be construed together. In order that a contractor may enforce a lien under them, the statement provided by section 4 to be filed by him must set forth particularly the time when the material was furnished or labor performed.

2. SAME—*To Whom the Statute Applies.*—Sections 4 and 28 of the mechanic's lien act apply to the original debtor with whom the contract was made, as well as to creditors, purchasers and incumbrancers.

3. SAME—*A Sufficient Statement.*—A statement that the materials and work were furnished between certain dates, as, having been begun "on the 29th day of July, 1893, and completed on the 3d day of December, 1893," is a sufficient compliance with the statutory requirement in regard to time.

4. SAME—*As to Parties not Complaining.*—When a lien is defective for a non-compliance with the statute relating to the statement to be filed, it will, notwithstanding, not be set aside as to parties in interest not complaining.

Bill for Mechanic's Lien.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed in part and reversed in part with directions. Opinion filed April 27, 1896.

CUTTING, CASTLE & WILLIAMS and JESSE R. LONG, attorneys for appellant.

A contractor, in order to maintain his mechanic's lien for work done, or material furnished, must act in good faith toward all persons interested in the property involved, and an act upon his part which would make it unjust and inequi-

table to enforce his lien, may operate as an estoppel to its enforcement in a court of equity. Heidenbluth v. Rudolph, 152 Ill. 320.

The statement filed under section 4 of the lien act, must show the times when the material was furnished, or there is no lien, even against the owner. Field v. Blanchard, 58 Ill. App. 624; McDonald v. Rosengarten, 134 Ill. 126; Campbell v. Jacobson, 145 Ill. 389; McIntosh v. Schroeder, 39 N. E. Rep. 478.

A verified statement of the time when the material was furnished is one of the statutory requirements. O'Brien v. Krockinski, 50 Ill. App. 460.

The document to be filed with the clerk is required to set forth the times when the material was furnished. McDonald v. Rosengarten, 35 Ill. App. 76.

A serious difficulty with the statement in this case is, it wholly fails to set forth the times when such material was furnished, or labor performed. That it should set forth these facts seems to be an imperative requirement of the statute. A mechanic's lien does not exist, and is not enforcible, of common right, but it is purely a statutory lien, and can be maintained only on those conditions which the statute imposes. Campbell v. Jacobson, 145 Ill. 389 (403).

If the statement fails to set forth the times when the materials were furnished, or work done, it is fatally defective. Coleman's Mechanics' Liens, p. 69, Sec. 112.

The mechanic's lien law is strictly construed in this State, and the courts have uniformly so held. Cary-Lombard Lumber Co. v. Fullenwider, 150 Ill. 629; Campbell v. Jacobson, 145 Ill. 389; Ostrander v. Tobel, 56 Ill. App. 381.

All the particulars required to be stated in the notice creating the lien are material. The omission of any of these particulars required by the statute to be stated is fatal to the lien. 2 Jones on Liens, Sec. 1390.

When the claim must state the time when the materials were furnished, or the work was done, this requirement must be complied with; otherwise the claim will be defective. Phillips on Liens, Sec. 359.

The statement for a mechanic's lien should set forth the

time when the materials were furnished.  Am. & Eng. Ency. Vol. 15, p. 147;  Wade v. Reitz, 18  Ind. 307;  Goss v. Trelitz, 54 Cal. 640;  Butler & McCracken v. Gain, 128 Ill. 23;  Belanger et al. v. Hersey et al., 90 Ill. 70;  Ency. of Pleading and Practice, Vol. 4, p. 748;  City of Rock Island v. Cuinely, 126 Ill. 408;  Blanck v. Pausch, 113 Ill. 60;  Graff v. Aukenbrandt, 124 Ill. 51.

Charles Lane, attorney for John M. Graff, William M. Seymour and John H. Forshew, doing business under the firm name and style of Graff & Co.

The courts of our State have never held that where there is a definite contract to do an entire job, such as the contract made by Graff & Co. and Mollie O. McAllister, it is necessary, in the statement of claim for lien, to itemize the materials and labor going into the job.  The courts of many of the States hold that it is not necessary to so itemize. Jones on Liens, Sec. 1406;  Baptist Church v. Trout, 28 Pa. St. 153;  King v. Smith, 42 Minn. 286;  Sexton v. Weaver, 41 Mass. 273.

While it may be conceded that they hold that the mechanic's lien statute is to be strictly construed, yet it was held in the case of Campbell v. Jacobson, 145 Ill. 389, that the requirements of the statute in regard to the notice of claim for lien will be met if a substantial compliance in that regard is had.  In other words, the Supreme Court of our State does not regard strict construction and substantial compliance as necessarily irreconcilable and antagonistic. The courts of other States have also held that a substantial compliance with a mechanic's lien statute will suffice. Certainty to a common intent is all that is necessary.  Baptist Church v. Trout, 28 Pa. St. 153;  Ryan v. Klock, 36 Hun 104;  Granite Co. v. Devereux, 72 Me. 422;  King v. Smith, 42 Minn. 286;  Jones on Liens, Sec. 1404;  Phillips on Mechanics' Liens, Sec. 16;  Knabb's Appeal, 10 Barr. (Pa.) 186.

Mr. Justice Shepard delivered the opinion of the Court.
This was a bill filed by appellants to foreclose a mortgage

made by the appellee, Mollie O. McAllister. The appellees, John M. Graff, William M. Seymour, and John H. Forshew, copartners under the name of Graff & Company, were made parties defendant with the mortgagor, and answered asserting their right to a mechanic's lien upon the mortgaged premises.

The decree that was entered found that there was due to the appellant $15,801.86 upon its mortgage, and that there was due to Graff & Co. $607.30, for which they were entitled to a mechanic's lien against the mortgaged premises; that the whole value of the mortgaged premises was $15,000, of which the land was $4,000, and the improvements $11,000; that the sum due to complainants was a first lien on the land, but as to the improvements it was second and subject to the lien of Graff & Company for said sum so found to be due them.

This appeal questions the correctness of the decree in the matter of priority, as between the appellant and Graff & Co., and nobody but the appellant complaining in such regard, we shall consider only what affects that single question.

The contract of Graff & Co. with reference to the premises in question was to furnish and set up "four hot blast furnaces" in the building which constituted the improvement upon the mortgaged land.

The affidavit which formed a part of the statement of claim for mechanic's lien filed in behalf of Graff & Co., in purported compliance with Sec. 4 of the mechanic's lien act, in force at the time of filing such statement, states: "That the work in connection with the furnishing and the erection of the said furnaces for the said Mollie O. McAllister was commenced on the 10th day of August, 1893, and completed on the 3d day of December, 1893, as set forth in the said statement, marked Exhibit A, as aforesaid.

Affiant further says that the amount of said statement, marked Exhibit A, and made a part of this affidavit, as aforesaid, was due on the completion of the work connected with the furnishing and erection of the said furnaces in the said flat building of the said defendant, Mollie O. McAllister," etc.

The statement in said Exhibit A, as to the time of doing the work was as follows:

" The work in connection with the furnishing and erection of the said four hot blast furnaces in the said building having been commenced on the 29th day of July, 1893, and completed on the 3d day of December, 1893."

The provisions of sections 4 and 28 of the mechanic's lien act, are, so far as is material in this connection, as follows:

" Sec. 4. Every creditor or contractor  *  *  *  shall file with the clerk of the Circuit Court  *  *  *  a just and true statement or account or demand due him, after allowing all credits, setting forth the time when such material was furnished or labor performed.

Sec. 28. No creditor shall be allowed to enforce a lien created under the provisions of this act, as against or to the prejudice of any other creditor or incumbrancer or purchaser, unless a claim for lien shall have been filed with the clerk of the Circuit Court, as provided in section 4 of this act."

These two sections are *in pari materia*, and are to be construed together.

And in order that a contractor may enforce a lien under them the statement provided by section 4, to be filed by him, must set forth " as therein particularly described," the time when the material was furnished or labor performed. McIntosh v. Schroeder, 154 Ill. 520.

And it was held in the last cited case, following Campbell v. Jacobson, 145 Ill. 389, although without referring to that former decision, that the two sections apply to the original debtor with whom the contract was made, as well as to creditors, purchasers, or incumbrancers.

The holding has been uniform that a statement of *the time* when the materials were furnished, is one of the requirements of the statute. McDonald v. Rosengarten, 134 Ill. 126; same case, 35 Ill. App. 71; Fried v. Blanchard, 58 Ill. App. 622; O'Brien v. Krockiniski, 50 Ill. App. 456.

A statement, therefore, like that in this case that the materials and work were furnished between certain dates, or,

as having been begun "on the 10th day of August, 1893, and completed on the 3d day of December, 1893," as said in the affidavit, and as commenced on the "29th day of July, 1893, and completed on the 3d day of December, 1893," as said in the statement accompanying the affidavit, is not a compliance with the statutory requirement in regard to time.

No one, except the appellant, finding fault with the decree, it will be affirmed in so far as the lien of Graff & Company is thereby established against the premises, but in so far as that lien is given priority upon the improvements over the lien of appellant, the decree must be reversed, a reversal to that extent seeming to be all that appellant is entitled to, and the cause is remanded to the Superior Court, with directions to enter a decree accordingly, and give to appellant a first lien upon both land and improvements. Affirmed in part, and reversed in part, and remanded with directions.

ADDITIONAL OPINION BY MR. JUSTICE SHEPARD.

Since the foregoing opinion was filed we have seen the opinion of the Supreme Court in Blanchard v. Fried, filed May 12, 1896, and recognizing the spirit of the decision there announced to be opposed to the views we have expressed in regard to the statement of the time when the materials and work were furnished and performed, we retract our holding in that regard, and hold that the statement, or claim for lien, was sufficient.

So holding, necessitates our consideration of another question. The contract between Graff & Co. and Mollie O. McAllister was in the form of a written proposition and acceptance to do the work for $600, on which $50 was paid.

At the time of contracting for the furnaces, Graff & Co. made an agreement with one A. E. Mick, who was the stepfather of the appellee, Mollie O. McAllister, and her agent in the matter, as follows:

"CHICAGO, July 31, 1893.

This memorandum witnesseth, that Graff & Company have sold to Mollie O. McAllister four furnaces, including hot air

stacks, pipes and registers, to put in building 7040 and 42
Eggleston avenue, through her agent, A. E. Mick, said work
to be done for six hundred dollars. We further agree to
pay said A. E. Mick two hundred dollars as commission as
agent for making the said sale of four furnaces, per their
proposition, signed July 29, 1893.

GRAFF & Co.,

Smith & Bright, Managers,

Per Frank Tully."

Regarding this commission contract, Frank Tully, who
signed it for Graff & Co., and represented them in the mat-
ter, testified as follows:

" Q.   Will you state how you happened to make this
contract with Mr. Mick ?   A.   They (Mollie McAllister and
Mick) were building this particular house and three others,
and they were to have heating apparatus in each of them.
I wanted to get the contract for all of the work, but he said
it was not possible for him to give me the contract for all
the houses at the present time, and he gave me the contract
for this one, and then as the building progressed, he would
make another contract for each of them, and would give me
the work on them, making twelve furnaces in all, and there
was a question arose about one of the buildings for heating
by steam, and then the question of commissions came up in
regard to the amount of commissions to be paid on this work,
and we agreed upon it, which was this amount here I think,
$200; but he had some personal matter that he had to take
care of right away, and this first payment—this first con-
tract I mean—and when we closed the contract for the
remainder of the buildings, we would get the payment in
full, although there was to be no commission out of that.

Q.   In other words, you agreed, as I understand it, to
pay him $200 in consideration of his securing for you con-
tracts for putting in furnaces, not only in the building on
the premises involved in this suit, but any other building.
A.   There was other buildings, four altogether.

Q.   Was that the distinct and exclusive and only consid-
eration supporting that agreement ?   A.   Yes, sir."

It thus appears that the contract price of $600 for which Graff & Co. agreed to furnish the four furnaces in question, included a commission of $200, to be paid to the agent of Mollie O. McAllister for materials to go into the three other buildings, as well as into the one in question.

It would be manifestly inequitable to allow to Graff & Co. a lien, as against the appellant, which shall include such commissions; and it can not be held, either, that the statute contemplates a lien for any such object as against third parties. Heidenbluth v. Rudolph, 152 Ill. 316.

The decree was right in all respects except as to the amount found to be due to Graff & Co. Such amount was the balance of $550, with interest from December 3, 1893, aggregating $607.30 at the date of the decree. That amount should be lessened by the sum of $200, and interest thereon from December 3, 1893, to the date of the decree on January 6, 1896, amounting to $220.90.

The point is made that the "work" that was done, etc., includes only the labor, and not the materials, but we regard that as having too technical and constrained a construction.

The decree is therefore reversed, and the cause remanded, with directions to the Superior Court to enter a new decree in all respects like the one appealed from, except by reducing the amount thereof in accordance with this opinion.

Reversed and remanded, with directions.

MR. PRESIDING JUSTICE GARY.

Regarding the opinion in Blanchard v. Fried referred to by Judge Shepard as being a step in the right direction, and in accord with what I said on my own account in the case as reported in 58 Ill. App. 622, I concur in the foregoing retraction, though I believe it to be contrary to McDonald v. Rosengarten, 134 Ill. 126.

[Since the foregoing was written the advance sheets of decisions of the Supreme Court, issued as part 2 of Vol. 161, have come to hand, containing a report of Springer v. Kroeschell, at page 358, where an exception which we declined to consider (see 59 Ill. App. 434) is considered by the Supreme Court, and the ruling as to the sufficiency of a statement (p. 395) is in accord with our last opinion upon the subject.