## Ole Carlson and Grels J. Norlander v. Daniel Anderson et al.

1. MECHANIC'S LIEN.—*A Sufficient Statement.*—Decisions of this court and of the Supreme Court that a statement in a mechanic's lien case, alleging that the materials and work were furnished between certain dates, is a sufficient compliance with the statutory requirement in regard to time, state the law correctly.

**Mechanic's Lien.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 19, 1896.

CHYTRAUS & DENEEN and GEORGE E. SWARTZ, attorneys for appellants.

No appearance for appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was a petition for a mechanic's lien by the original contractors, the appellants.

Upon demurrer, the petition was dismissed for want of equity, and it is from such decree of dismissal that this appeal is prosecuted.

The appellee has not favored us with any brief, but we will surmise that the learned chancellor of the Circuit Court followed decisions of this court in earlier cases, by holding that the statement of account filed with the clerk of the Circuit Court was insufficient, and not a compliance with section 4 of the mechanic's lien act, in force at the time the lien accrued.

We see no other ground upon which the chancellor could have acted.

We had held, in supposed following of prior decisions by the Supreme Court, that a statement of account, in as general terms as the one here in question, was insufficient in not setting forth with more particularity the times when the labor was performed and the materials furnished. Moore v. Parish, 58 Ill. App. 617; Fried v. Blanchard, Id. 622.

But the Supreme Court, by subsequent decisions, in Springer v. Kroeschell, 161 Ill. 358, and Blanchard v. Fried, 162 Ill. 462, have decided that our construction of their former decisions was incorrect, and we have since then followed their ruling. See additional opinion in Nat. Home Building and Loan Association v. McAllister, 64 Ill. App. 143, and Levinson v. Malloy, Id. 425.

These last decisions, both of the Supreme Court and of this court, were published after the demurrer in this case was sustained, and therefore were not before the chancellor when he decided what is complained of by this appeal.

Following the last decisions, we must reverse the decree and remand the cause.

Because the act under which this cause arose has been repealed, and an entirely different one enacted, we will not incumber the record by inserting into this opinion the details of the statement of account that was made, it being no longer of value as a precedent.